**Jagdeep Singh LUBANA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71466.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Pardeep S. Grewal, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John S. Hogan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Jagdeep Singh Lubana is a native and citizen of India. Lubana petitions for re-

---

view of the Board of Immigration Appeals' ("BIA") decision, which adopted and affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review both the BIA's determination that Lubana is statutorily ineligible for asylum based on the one-year time bar, and the BIA's determination that Lubana did not establish changed circumstances to excuse the one-year time bar. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1221–22 (9th Cir.2005). Accordingly, we dismiss the asylum claim.

We have jurisdiction pursuant to 8 U.S.C. § 1252 over the remaining claims. Where, as here, the BIA adopts and affirms the IJ's decision, we review the decision of the IJ as if it were that of the BIA. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042–43 (9th Cir.2001), and we deny these claims.

The IJ offered at least one specific, cogent reason for his credibility determination based on an inconsistency regarding the reason for and timing of Lubana's decision to apply for asylum. Because this goes to the heart of Lubana's claim, substantial evidence supports the adverse credibility determination. *See id.; see also Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (stating that this court is bound to accept the IJ's adverse credibility finding so long as one of the IJ's identified grounds is supported by substantial evidence and goes to the heart of the petitioner's claim of persecution).

Because Lubana's CAT claim is based on the same testimony that was found not credible, and he points to no other evidence that the BIA should have considered in making the CAT determination, his CAT claim also fails. *See Farah,* 348 F.3d at 1157.

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**